FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2014 MAR 25 P 4: 30

CLERK'S OFFICE
AT BALTIMORE

BY _____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| UNITED STATES OF AMERICA | * |
| v. | * CRIMINAL NO. JKB-13-0084 |
| JOSH HUMMER, | * |
| Defendant | * |

* * * * * * * * * * * *

## MEMORANDUM AND ORDER

Pending before the Court is Defendant's motion for a judgment of acquittal after jury verdict (ECF No. 225). The Court has considered the Defendant's submissions (ECF Nos. 225-1, 236), as well as the Government's response (ECF No. 230), and concludes no hearing is necessary. For the reasons stated below, the motion will be DENIED.

At the conclusion of a jury trial, Defendant Hummer was found guilty of one count of tampering with a witness (Indictment, ECF No. 1, at Count Six) and acquitted on the count of deprivation of rights under color of law (*Id.* at Count Three). The jury was unable to return a verdict as to the conspiracy count (*Id.* at Count Four) and a second count of tampering with a witness (*Id.* at Count Seven). Shortly thereafter the Government moved to dismiss the two counts of the indictment for which the jury was unable to return a verdict. (ECF No. 221.)

Specifically, Count Six of the indictment, for which the jury returned a guilty verdict, charged that:

> On or about April 3 and 7 of 2008, in the District of Maryland, defendant JOSH HUMMER, knowingly engaged in misleading conduct towards an investigator with the Maryland State Police with the intent to hinder, delay, and prevent the communication to a federal law enforcement officer and federal judge of information relating to the commission and possible commission of the federal offenses alleged in Counts 1 through 3, as well as other offenses. Specifically,

defendant HUMMER provided a false and misleading description of the conduct
of Mr. Hinckle, and falsely denied knowledge of an RCI staff assault on KD.

(*Id.* at Count Six.)

Count Three of the indictment, for which the jury returned a not-guilty verdict, charged that:

> On or about March 9, 2008, in the District of Maryland, defendant JOSH HUMMER, while acting under color of law and while aided and abetted by others known and unknown to the grand jury, willfully deprived KD of the right, protected and secured by the Constitution of the United States, not to be subjected to cruel and unusual punishment. Specifically, defendant HUMMER knew of a staff assault against inmate KD and willfully failed to intervene to stop the assault, resulting in bodily injury to KD; additionally, defendant HUMMER saw KD after the assault, injured and in clear need of medical care, and willfully failed to secure medical attention for KD, thereby acting with deliberate indifference to a substantial risk of harm to KD, and resulting in bodily injury to KD.

(*Id.* at Count Three.)

Defendant Hummer has moved for a judgment of acquittal despite the jury's guilty verdict with regard to Count Six arguing that there was insufficient evidence for the jury to find that he had the "intent to hinder, delay, and prevent the communication to a federal law enforcement officer and federal judge of information relating to the commission and possible commission of the federal offenses alleged in Counts 1 through 3." (*Id.* at Count Six.) As Defendant phrased it in his reply memorandum:

> Under the unusual facts of this case, where the misleading conduct—false statement to the Maryland State Police was corrected *before* the State Police Detective wrote his investigative report or communicated *any* information to federal law enforcement authorities, is it reasonably likely that, if the misleading conduct had not occurred, at least one relevant communication would have made [sic] to a federal law enforcement officer or federal judge?

(ECF No. 236 at 1.)

In challenging the sufficiency of the evidence to support his conviction, Plaintiff "bears a heavy burden." *United States v. Beidler*, 110 F.3d 1064, 1067 (4th Cir. 1997) (internal quotation

2

omitted). In particular, the motion must be denied and the conviction upheld if, drawing all reasonable inferences in favor of the Government, "any reasonable trier of fact could have found [the defendant] guilty beyond a reasonable doubt." *United States v. Allen*, 491 F.3d 178, 185 (4th Cir. 2007). The standard is such that "[r]eversal for insufficient evidence is reserved for the rare case 'where the prosecution's failure is clear.'" *Beidler*, 110 F.3s at 1067 (quoting *Burks v. United States*, 437 U.S. 1, 17 (1978)).

As the Court instructed the jury in Defendant's trial, the specific intent element of Count Six required the jury to find that Hummer "acted with the purpose of preventing the transfer of truthful information to law enforcement officers or courts generally, and that there is a reasonable likelihood that, if the obstruction had not occurred, at least one of those communications would have made its way to a federal law enforcement officer or judge." *See Fowler v. United States*, 131 S.Ct. 2045, 2052 (2011) (holding that the Government must show a *reasonable likelihood* that absent defendants' obstruction at least one relevant truthful communication would have been made to a federal officer); (ECF No. 202 at Jury Instruction 44.)

In the case at bar, the evidence before the jury was such that a reasonable trier of fact could have found that the government proved that element beyond a reasonable doubt. *United States v. Allen*, 491 F.3d 178, 185 (4th Cir. 2007). As Defendant himself concedes, he made a false statement to Corporal Bachtell of the Maryland State Police on April 3, 2008. (ECF No. 225-1 at 1-2.) Defendant claims that he subsequently corrected his false statement and provided a true statement on April 7, 2009. (*Id.* at 2.) However, even if a reasonable trier of fact were to credit Defendant's version of the facts, that trier of fact could also conclude (1) that Defendant Hummer intended to prevent the transfer of truthful information to law enforcement officers

3

when he made a false statement on April 3; and (2) that there was a "reasonable likelihood" that absent Defendant Hummer's false statement, which concerned the violation of an inmate's federal constitutional rights, at least one of those truthful communications would have made its way to a federal law enforcement officer or judge.

In his reply memorandum, Defendant invites the Court to consider a hypothetical situation in which an individual provides a false statement to a state investigator and *immediately* recants. (ECF No. 236 at 3.) However, these are not the facts before the Court. Here, Defendant Hummer's own allegation is that he corrected his original misstatement *four days* later, opening the door to a reasonable likelihood that absent his obstruction at least one relevant truthful communication would have been made to a federal officer.

The Court thus finds that, based on Defendants' own interpretation of the facts in evidence, a reasonable trier of fact could have found, beyond a reasonable doubt, that the government proved the specific intent element of Count Six and, more generally, that Defendant was guilty of Count Six.

This case is not "the rare case 'where the prosecution's failure is clear.'" *Beidler*, 110 F.3s at 1067 (quoting *Burks*, 437 U.S. at 17 (1978)). Accordingly, the motion is DENIED.

DATED this 25 day March, 2014.

BY THE COURT:

James K. Bredar
United States District Judge

4